## Guthrie *versus* Lowry.

In an action upon a judgment of the court of another state the record may
be contradicted by evidence of facts impeaching the jurisdiction of the court,
but where it is shown that the court had jurisdiction its judgment is conclu-
sive and cannot be inquired into.

| 84 | 533 |
|----|----|
| 161 | 535 |
| 84 | 533 |
| 25 SC | 59 |
| 84 | 533 |
| 219 | 41 |

June 9th 1877.   Before AGNEW, C. J., SHARSWOOD, MERCUR,
PAXSON, WOODWARD and STERRETT, JJ.   GORDON, J., absent.

Error to the Court of Common Pleas of *Clearfield county :* Of
May Term 1877, No. 34.

Debt by James W. Guthrie against William H. Lowry, on the
record of a decree of the Chancery Court of Louisville, in the state
of Kentucky.

Lowry, the defendant in this suit, filed a bill in equity in said
Chancery Court in Kentucky and obtained an injunction against
David W. Wilson and Frederick Turner, enjoining them from
proceeding further in an action at law brought in the Circuit Court
of Jefferson county in said state by Lowry against one George Dull,
who was jointly sued with Wilson and Turner. The injunction, it
appeared, was to prevent the defendants from using a certain claim
they had against Lowry, as a set-off. From the 18th of June 1850,
until April 17th 1857, there seemed to have been no further pro-
ceedings when Turner and Wilson filed their answer in the nature
of a cross-bill denying the matters contained in the complainant's
bill, and making a claim against Lowry for a sum due them and
praying for a decree against him. Upon the filing of this cross-bill
process twice issued to bring in Lowry and was returned "not
found" each time.

The record then contained this recital :—

"At a court held on the 26th day of March 1858, *came the parties*

[Guthrie *v.* Lowry.]

*by counsel*, and Hon. C. W. Logan declining to sit as chancellor herein, Hon. W. S. Bodley was duly elected special chancellor."

On the 7th of May 1858, the cause was heard, the counsel of defendants only being present, and was held under advisement. On the 8th of July 1858, J. B. Bullitt, who appeared as counsel for Lowry, filed an affidavit which set forth that the complainant, Lowry, had not been in Louisville for several years; that affiant was surprised to find that a cross-bill had been filed and the case submitted; that he had no knowledge thereof until after the sub- mission; that he thought defendants would take no further steps until certain litigation pending in Pennsylvania was concluded; that he supposed defendants would inform him before attempting to submit the case although there was no agreement to that effect; that he was confident complainant had no knowledge of the filing of the cross-bill or of the submission of the case, and he therefore moved for a rehearing, which motion the court overruled and noted an exception. The court then made a decree in favor of the plaintiffs in the cross-bill against Lowry. The latter took an appeal to the " Court of Appeals" and the decree of the Chancery Court was affirmed.

The record was then brought to Pennsylvania and this suit instituted to recover the amount thus decreed to be paid by Lowry.

The defendant pleaded *nil debet, nul tiel record*, want of jurisdiction in the Louisville Chancery Court, and further, that no process was served on him issuing out of said Louisville Chancery Court; that he was then and is now a non-resident of the state of Kentucky, and that he never appeared to the cross-bill declared on, either in person or by attorney, and that the decree of said court is a nullity and cannot be enforced in the courts of Pennsylvania.

At the trial before Orvis, A. L. J., the defendant offered in evidence the deposition of Bullitt, which set forth that he was sole counsel for Lowry in Kentucky; that his first knowledge of the cross-bill was in 1858, when the case was submitted; that Lowry was not in the state at that time and had no knowledge thereof; that no counsel appeared for him until deponent moved to set aside the order of submission on June 8th 1868; that he was not personally present at the election of a special chancellor but was constructively so as attorney for Lowry, according to the law of Kentucky, upon the original bill; that the case was governed by the " English Equity Practice," which was part of the law of Kentucky; that in his opinion the subject-matter of the cross-bill did not grow out of the matter of the original bill, and that, therefore, Lowry could not be constructively present until deponent had filed the affidavit to set aside the submission; that he was of opinion that his employment in the original suit did not authorize him to appear for Lowry in the cross-bill, &c.

Plaintiff objected because it is not competent to contradict this

[Guthrie *v.* Lowry.]

record, which shows affirmatively that the defendant in this case, then plaintiff in the original bill, was in court by his counsel, and. participated in the choice of a special chancellor, who made the decree upon which this action was founded. Because on that day there was a specific hearing to determine the question whether there was or was not an appearance in court, and jurisdiction of the plaintiff, Lowry, in that bill; that it was then and there adjudicated that Lowry was present, and that the maxim that all things were rightly done, applies in that respect, and cannot be contradicted; that subsequently the record shows on different occasions the plaintiff, Lowry, and his counsel were in the court participating in the proceedings there, and that they took an appeal from this very decree from the Court of Appeals of the state of Kentucky to the Supreme Court, and the proceedings in the original bill were affirmed; that a bill in equity and a cross-bill are the same in substance and in law, and the plaintiff, Lowry, was in court on his original bill, and was not entitled to notice of the filing of the cross-bill.

The court admitted the deposition and noted an exception for plaintiff.

The following points were submitted by plaintiff, to which are appended the answers of the court:—

1. The evidence in the cause is insufficient to contradict the express averments of the record, that the plaintiff in the original bill was in court by self and counsel.

Answer. "Refused, but submit the fact to the jury under the evidence as stated in our answer to defendant's last point."

2. The hearing applied for 8th July 1858, as shown by the record, was a hearing upon the question of notice; it was fully heard by the court and it was fully adjudicated, that notice was had by the plaintiff, Lowry, and that adjudication is final and cannot be contradicted in this action.

Answer. "Refused. The adjudication of the court as to its jurisdiction in the case was no more than every court does when it exercises jurisdiction by making a decree or entering a judgment."

3. The plaintiff, Lowry, was in court under his own original bill and the filing of the cross-bill, under the statements of the record and the proceedings in regard thereto, as shown by the same, together with the application and proceedings after and on the 16th July 1860, gave jurisdiction of Lowry's person under the cross-bill, and the verdict must be for the plaintiff.

Answer. "Refused."

4. The testimony of Bullitt does not in any way affect the jurisdiction of the court. He was the attorney of Lowry, as he himself proves, and he does not deny his authority to appear for Lowry, but alleges that he did not appear, which fact alleged by him is expressly contradicted by the record and the admitted acts of Bullitt himself. He was the attorney of Lowry, regularly employed and acting for him in that cause, and his testimony, taken as a

[Guthrie *v.* Lowry.]

whole, cannot in any manner affect the validity of the record or oust the jurisdiction of the court.

Answer. " Refused."

5. Under the constitutional provision and the law in pursuance thereof, Lowry, having sought the state of Kentucky as his forum against Wilson and Turner, he is bound by the action of that forum in determining his rights under the cross-bill ; and the appearance to open the decree, the offer to file answer, the adjudication of that court thereon, and the affirmance thereof by the Court of Appeals of Kentucky, are conclusive of the jurisdiction, and the verdict must be for the plaintiff.

Answer. " Refused."

In their general charge, the court, *inter alia*, said :—

" The record does not show that any appearance was entered for the plaintiff to the cross-bill, but does recite that on the 26th day of March 1858, the parties by their counsel appear, whereupon W. S. Bodley, Esq., is elected special chancellor. This is the only recital in the record which shows the plaintiff, W. H. Lowry, either appeals to the cross-bill or knew that it had been filed, until after the submission to the special chancellor and the so-called hearing was had. Had the present defendant, W. H. Lowry, notice of the filing of the cross-bill or did he appear by himself or counsel to answer it ? If he did, he is concluded by the adjudication and your verdict must be for the plaintiff. If he had no notice, and did not appear by himself or counsel, the subsequent proceedings were to all intents and purposes ex parte, and the alleged decree or judgment entered therein can have no effect upon the party against whom it was rendered, outside of the jurisdiction of the court making such decree. That the plaintiff was entitled to notice of the filing of the cross-bill, before any valid proceedings could be had under it, is shown by the nature of the cross-bill and the decree it prayed for, being matter and subjects not contained in the original bill and foreign to its purpose, as well as by the fact that the court issued process for the plaintiff, which, however, was never served. Upon the question whether there was an appearance for William H. Lowry, you have no evidence besides the records, except the testimony of Hon. J. F. Bullitt, who was the only attorney Lowry had in Kentucky at the time. If you find from this testimony that Lowry did not appear to the cross-bill, either in person or by counsel, until after the submission and hearing, the decree can have no extra-territorial effect, and your verdict should be for the defendant. The subsequent appearance of Mr. Bullitt, in his efforts to have the decree vacated and to have a hearing upon the merits, can not have the effect of giving the court jurisdiction in making the decree."

The verdict was for the defendant, and after judgment the plaintiff took this writ, assigning for error the admission of the deposition

of Bullitt, the answers to his points and the foregoing portion of the charge.

*Wallace & Krebs*, for plaintiff in error.—Under the provisions of the constitution of the United States and the Act of Congress of 26th of May 1790, as interpreted by the Supreme Court of the United States, the decree of the " Louisville Chancery Court" has the same force and effect in this state as in Kentucky : Mills *v.* Duryee, 7 Cranch 481; Hampton *v.* McConnel, 3 Wheat. 234; Caldwell *et al. v.* Carrington's Heirs, 9 Peters 100 ; Green *v.* Van Buskirk, 7 Wall. 148 ; Cheever *v.* Wilson, 9 Id. 123 ; Story's Const., vol. 2, 4th ed., 188. This principle has been recognised by this court : Benton *v.* Bergot, 10 S. & R. 243; Baxley *v.* Linah, 4 Harris 241; Rogers *v.* Burns, 3 Casey 526; Blyler *v.* Kline, 14 P. F. Smith 133; Wetherill *v.* Stillman, 15 Id. 105; Reber *v.* Wright, 18 Id. 476.

Lowry sought the Kentucky court and placed himself within its jurisdiction when he filed his original bill. He was thus in court by his own act and the cross-bill was but a part of the subsequent proceedings thus begun, and not in the nature of an original bill of which Lowry was entitled to personal notice.

*McEnally & McCurdy*, for defendant in error.—The record of another state is not conclusive of the existence of the facts necessary to give the court jurisdiction and those facts may be inquired into and contradicted : Thompson *v.* Whitman, 18 Wall. 457 ; Knowles *v.* Gas-light and Coke Co., 19 Id. 58 ; Hill *v.* Mendenhall, 21 Id. 453. The same doctrine has been sustained in our courts: Steel *v.* Smith, 7 W. & S. 447 ; Noble *v.* Thompson Oil Co., 29 P. F. Smith 354.

Mr. Justice SHARSWOOD delivered the opinion of the court, June 25th 1877.

Whatever doubts may have been at one time entertained and expressed, it is now an incontrovertible position that in an action upon a judgment of the court of a sister state the record may be contradicted by evidence of facts impeaching the jurisdiction of the court by which the judgment was rendered : Williamson *v.* Berry, 8 Howard 540 ; Thompson *v.* Whitman, 18 Wall. 457 ; Knowles *v.* Gas-light and Coke Company, 19 Id. 59; Hill *v.* Mendenhall, 21 Id. 453 ; Noble *v.* Thompson Oil Co., 29 P. F. Smith 354. But when a court has jurisdiction, it has a right to decide every question which occurs in the cause, and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court: Elliott *v.* Piersol, 1 Peters 328, 340.

When Lowry filed his bill in the Louisville Chancery Court, he thereby submitted himself to the jurisdiction of that court. He

[Guthrie *v.* Lowry.]

was in court, and subject to whatever orders and decrees that court could make according to the laws of Kentucky. What those laws authorized was a matter to be decided by that tribunal, and their decision was open to appeal to their highest court, and could be there reviewed, but not re-examined collaterally in any other court, nor in the courts of any other state in which an action might be brought upon the record. For if it could not be examined collaterally in the courts of the state in which it is rendered, neither could it be so examined in the courts of any other state. The constitution of the United States declares that "full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state," and the Act of Congress of May 26th 1790 has enacted that "the said records and judicial proceedings shall have such faith and credit given to them in every· court within the United States as they have by law or usage in the courts of the state from whence the said records are or shall be taken."

Whether Lowry, being the plaintiff or complainant in a bill in the Chancery Court, could be made to answer to a cross-bill filed against him in that court for a matter not growing out of the subject-matter of the bill, but entirely independent, was a question of Kentucky law, and not a question of jurisdiction. So, also, the practice of the court in the proceeding upon that bill. Having jurisdiction of the person of Lowry, we cannot inquire whether the proceedings were regular, whether he or his attorney had notice of the cross-bill, whether the selection of the special chancellor was proper, or whether he or his attorney had notice of the hearing. We are bound to presume that everything was rightly done according to the common maxim. To illustrate this by a simple and familiar case. If a party is sued in a common-law court in Pennsylvania, is duly served with process and appears, and judgment is thereupon entered against him for want of a plea without a declaration, rule to plead and service of such rule, such judgment is irregular and would be set aside or reversed on writ of error. But surely in an action on that judgment in another state it cannot be reviewed and set aside as no judgment. It may very well be that according to settled principles of equity pleading and practice, a cross-bill cannot be an original bill, but must be for some matter growing out of the subject of the principal suit. But that presented a question to be decided by the court in which it was filed. It is enough that Lowry being in court is presumed to have had notice or was bound to take notice. The questions presented on this record were all considered and decided by this court in Lowry *v.* Guthrie, Western District 1875; opinion filed November 1st 1875. (2 W. N. C. 358.) We are of opinion, then, that the assignments of error in this case must be sustained.

Judgment reversed, and *venire facias de novo* awarded.