## Gitman Brothers v. Marantz.

*Foreign judgment—Suit on judgment of sister state—Notice of trial— Affidavit of defence.*

1. In a suit on a judgment obtained in another state, an affidavit of defence is insufficient which fails to deny that there is such a judgment or to aver want of jurisdiction or payment.

2. If failure to give notice to the defendant of the trial or of the entry of the judgment affects the judgment, advantage can only be taken of it in the court where it was entered.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Lancaster Co., Oct. T., 1923, No. 35.

*John A. Coyle*, for rule; *William C. Rehm*, contra.

HASSLER, J., March 29, 1924.—This is an action on a judgment in the Court of Common Pleas of Montgomery County, Ohio. A certified copy of the judgment is attached to the plaintiff's statement.

The affidavit of defence, which purports to set forth a just, complete and legal defence to plaintiff's claim, does not deny any of the averments of the statement. The defendant does not deny the existence of the judgment nor question the jurisdiction of the Court of Montgomery County, Ohio, to enter it, nor does he allege that it is paid. It is well settled that when a court has jurisdiction to enter a judgment, such judgment, until reversed, is binding in all other courts of the same or other states, and is conclusive of all matters covered by it. The only defences that can be made to such a judgment are that it is paid, or that there is no such judgment, or that the court did not have jurisdiction to enter it: Guthrie v. Lowry, 84 Pa. 533; Hunt v. Snyder, 261 Pa. 257; German Trust Co. v. Plotke, 274 Pa. 483. The affidavit of defence does not set forth any of these defences. The allegation in it that the defendant had no knowledge of the trial of the case, or that judgment had been entered against him, is not a defence in the absence of the denial of the court's jurisdiction. If failure to give notice of the trial, or of the entry of judgment, affects the judgment, advantage can only be taken of it in the court where it was entered. It is binding and conclusive in this court for the reason that we are bound to presume that everything was rightly done in the proceedings in the court in which the judgment was entered: Guthrie v. Lowry, 84 Pa. 533.

The rule for judgment is made absolute and judgment entered for the plaintiff for $572.77. Rule made absolute.

From George Ross Eshleman, Lancaster, Pa.