Dunn, Appellant, *v.* Hild et al.

Argued October 8, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Herman Moskowitz,* with him *Leon W. Korr,* for appellant.

*Thomas J. Clary,* for appellees.

OPINION BY JAMES, J., January 29, 1937:

Appellant, William F. Dunn, filed his complaint in the Chancery Court of New Jersey against Charles R. Hild his son-in-law, Leon L. Wenzel and William F. Penner, praying that he be declared the owner of certain lands in the State of New Jersey, which were alleged to have been conveyed to Penner by means of fraud committed by Hild and Wenzel; that Hild and Wenzel be enjoined from receiving any further payments from Penner under the agreement entered into between these defendants; and that Penner be directed to pay the balance of the purchase price to appellant. On November 14, 1928, after full hearing, the chancellor decreed "that the lands and premises described in the bill are the property of complainant; that complainant is entitled to the benefit of the agreement between Wenzel and Penner and to the proceeds of the settlement thereunder and the purchase money bond and mortgage made by Penner to Wenzel, and that Wenzel should assign said bond and mortgage to complainant within ten days and in default that Penner should execute and deliver a bond and mortgage to the complainant containing the same terms and conditions as the bond and mortgage to Wenzel, within ten days from the date hereof. It is further ordered, adjudged and decreed that defendants Hild and Wenzel pay to the complainant the costs of this suit to be taxed which shall include a counsel fee of two hundred dollars, to be collected according to the practice of this court." From this decree, an appeal was filed by the defendants in the New Jersey Court of Errors and Appeals, which was dismissed on May 21, 1929.

On February 27, 1929, pending the appeal, appellant brought suit in the Court of Common Pleas of Philadelphia County against Hild and Wenzel seeking to recover the sum of $955 received by defendants from Penner, which they had failed to account for and also the sum of $247.33, fixed as counsel fees and costs, basing his action upon the decree of the chancery court. An affidavit of defense was filed admitting the receipt of certain moneys but denying the right of the plaintiff thereto. Upon a rule for judgment for want of a sufficient affidavit of defense, judgment was entered for the sum of $247.33, the amount of counsel fees and costs, with leave to proceed to trial for the balance of the claim. In the course of its opinion, the court stated: "We make no effort to interpret this decree, but we must examine it to see if it directs defendants to pay a definite sum of money. We find in it certain rights of plaintiff declared. These obviously must be enforced by the court which declared them. They cannot be enforced here. There is, however, a direction to defendants to pay a counsel fee of $200 and the costs taxed at $47.33. As to these items defendants offer no defense." On January 14, 1930, appellant filed a petition in the Court of Chancery of New Jersey that averred there was due him the sum of $908.99 received by defendants from Penner, which was unknown to him at the time of filing the original bill, and prayed that the final decree be opened for the sole purpose of determining who was responsible for the payment of the said sum. Counsel for the defendants contended that if the decree was opened, it should be opened generally to let in all defenses, to which the chancellor agreed, and as the complainant was unwilling that the decree should be opened generally, the chancellor dismissed the petition.

At the trial of this suit, plaintiff offered certain paragraphs of the statement of claim and affidavit of de-

fense which were admitted in evidence, but his offer to prove the amount of money which had been received by Hild and Wenzel from Penner was refused. The court directed a verdict for the defendants and later denied motions for a new trial and for judgment n. o. v.

Article 4, Section 1 of the Constitution of the United States declares that "full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state." The Act of Congress . of May 26, 1790, has enacted that "the said records and judicial proceedings, so authenticated, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken." The effect of the record is to give the same conclusiveness in this state which it has in the state in which the judgment or decree has been entered: *Evans v. Tatem,* 9 S. & R. 252; *Wetherill v. Stillman,* 65 Pa. 105; *Reber v. Wright,* 68 Pa. 471; *Guthrie v. Lowry,* 84 Pa. 533; *Pennington v. Gibson,* 57 U. S. 64.

".......But it is now settled that judgments rendered by courts of sister states are entitled to the same recognition accorded to judgments of domestic courts; and that they are entitled to the same faith and credit in every state as in the state where rendered so that they are or are not valid and conclusive in other states accordingly as they are or are not in the state of their rendition:" 34 C. J. 1125. "The judgment of a court of one state, when sued on, pleaded, or introduced in evidence in another state, is entitled to receive the same faith, credit, and respect that is accorded to it in the state where rendered, so that if valid and conclusive there, it is so in all other states. But a judgment from another state is entitled to no greater effect or finality than would be accorded to it in the state where rendered; and hence if it would there be inconclusive, impeachable, or re-examinable, it will receive no greater

consideration or measure of finality in other states:" 34 C. J. 1127, 1128.

The principles applicable to suits upon foreign judgments have been epitomized in Restatement, Conflict of Laws, as follows: "§434. Money Judgment. Except as stated in §§439, 440, 443, and 445, a valid foreign judgment which imposes a duty to pay money will be enforced by an action if (a) it is final; (b) it is certain in amount; (c) it is unconditional; (d) it has not been vacated; (e) execution has not been superseded in the state which rendered it. [The excepted sections have no relation to the present question.] §447. Judgment not for Money; General Rule. No right created by a valid judgment, except a judgment for the payment of money, will be enforced in another state by action on the judgment."

It will be observed that appellant has not brought his action either in assumpsit on an implied promise, or in trespass for the wrongful withholding of moneys due him. It is founded solely on the decree of the court of chancery, which appellant, by his subsequent petition, recognized as not being self-sustaining in determining that any moneys were due from the defendants. True it is that the chancellor stated in the course of the order appellant was entitled to the benefit of the agreement, but it does not follow that all or any of the moneys paid by Penner to Hild and Wenzel belonged to appellant. He now seeks to obtain from the courts of this state what he was denied in the courts of New Jersey. Having invoked the jurisdiction of the courts of that state, he is bound in a foreign jurisdiction to such matters as the record clearly shows were determined by the courts of that jurisdiction, and in a suit based upon such decree or judgment, he is confined solely to the definite findings of that decree or judgment. As the decree of the chancery court failed to make any definite finding what, if any, moneys were

due appellant, it could not be made the basis of a suit in this jurisdiction.

The assignments of error are overruled and the judgment is affirmed.