## Commonwealth ex rel. v. Jacobs

*William J. Brady*, Assistant District Attorney, for Commonwealth.

*Mayo & Lawrence*, for plaintiff.

*Maurice S. Levy*, for defendant.

GILBERT, J., October 18, 1955.—This is a complaint filed in the Superior Court of the State of California in and for the County of Los Angeles, by plaintiff, Katherine G. Jacobs, asking, inter alia, for an order of support in her favor against defendant, Jacob A. Jacobs, and "for reasonable attorney's fees in the amount of $150". On July 1, 1955, said complaint was dismissed, and the statutory period of 45 days for appeal therefrom to the Superior Court of Pennsylvania has since expired.

It appears from the complaint forwarded from the said California court that plaintiff and defendant were married on or about June 19, 1919, and were divorced absolutely at Los Angeles, Calif., on or about August 22, 1950; that on August 16, 1949, an interlocutory judgment of divorce was entered in the California court in behalf of plaintiff, which included an order that defendant pay to plaintiff for her support the sum of $60 per month; that a final judgment of divorce, entered August 22, 1950, specifically bound the parties to the "provisions for support and alimony made in the interlocutory judgment", and that the defendant has failed and refused to comply with the said provisions. It appears also that plaintiff is entitled to such support from defendant under the provisions of California law and the reciprocal enforcement of the Support Act of California.

Section 4 of the Pennsylvania Act of August 19, 1953, P. L. 1201, amending the Act of May 10, 1951, P. L. 279, which acts comprise the uniform reciprocal interstate support law adopted by Pennsylvania, provides that "Duties of support *arising under the law of this State* [Pennsylvania] when applicable under sec-

tion 7, bind the obligor [defendant at bar] present in this State regardless of the presence or residence of the obligee." (Italics supplied.)

It is significant that section 4 as originally phrased in the 1951 Act defined the duty of support applicable under the reciprocal law as "The duty of support imposed by the laws of this State [Pennsylvania]" *or* "by the laws of the state [California] where the obligee [wife] was present when the failure to support commenced. . . ."

However, the last quoted language was eliminated by the 1953 amendment, which makes clear the intention of our legislature that Pennsylvania courts should enforce only duties of support imposed or imposable by the laws of the State of Pennsylvania.

And making doubly clear such intention is the omission in the 1953 amendment of the original provision in section 7, infra, of the 1951 Act empowering obligee at her "election" to invoke duties of support imposed or imposable under the laws of any State "where the obligee was present when the failure to support commenced".

Section 7 of the Pennsylvania Act of 1951, as amended by the 1953 Act, provides that "Duties of support applicable under this law are those imposed or imposable under the *laws of any state where the obligor was present* [i.e. Pennsylvania] during the period for which support is sought. The obligor is presumed to have been present in the responding state during the period for which support is sought until otherwise shown." (Italics supplied.)

Since the obligor is the defendant, Jacob A. Jacobs, and since he was not shown to have been outside Pennsylvania during the period for which support is sought, it is obvious that under the reciprocal law aforesaid the duty of support which Pennsylvania has jurisdiction to enforce against him is such as is imposed or

imposable exclusively under the laws of the State of Pennsylvania.

Pennsylvania has no law imposing any duty of support upon a husband after an absolute divorce from his wife has been granted. See section 55, Act of May 2, 1929, P. L. 1237.

Section 19 of the Act of 1953, supra, provides that this court may make an order only if it "finds a duty of support". Since, as above seen, such duty of support must be one which is imposed by or imposable under the laws of Pennsylvania, which prescribe no duty of support after an absolute divorce, it is obvious that we have no power to make an order against the defendant at bar.

Indeed, since it is apparent from this record that the law on the duty of support after an absolute divorce is different in California, there is no basis for reciprocity between the two States in the vital respect here in question. As pointed out in Commonwealth v. Shaffer, 175 Pa. Superior Ct. 100, 107 (1954), "The quarter sessions in Pennsylvania can dispose of a matter certified to it only by its own procedures in the enforcement of the public policy of this state."

It was for the above reasons that on July 1, 1955, plaintiff's complaint was dismissed.

Section 11 of the Act of 1953, supra, provides that "The District Attorney [of Philadelphia County], upon the request of the court . . ., shall represent the plaintiff in any proceeding under this act." Obligee is at liberty to seek his aid in applying for leave to take an appeal nunc pro tunc from such dismissal.

In the alternative, since it appears that an order for payment of alimony following this absolute divorce exists in California, obligee may (if California law so permits) resort to extradition proceedings, or execution in Pennsylvania on a judgment for arrears obtained in California.