Commonwealth ex rel. Jones *v.* Jones, Appellant.

Argued November 11, 1969. Before Wright, P. J., Watkins, Montgomery, Jacobs, Hoffman, Spaulding, and Cercone, JJ.

*Ira R. Hill,* with him *John McN. Cramer,* and *Reed, Smith, Shaw & McClay,* for appellant.

*Chris F. Gillotti* with him *Homer W. King,* for appellee.

Opinion by Wright, P. J., December 10, 1969:

This appeal involves an interpretation of The Pennsylvania Civil Procedural Support Law, Act of July 13, 1953, P. L. 431, 62 P.S. 2043.31 et seq. The question presented is whether the provisions of this statute may be used as a remedy to collect payments due under a separation agreement executed prior to a divorce.

Putnam F. Jones and Margaret D. Jones were formerly husband and wife. Their marriage was dissolved by divorce on December 22, 1950. Prior to the divorce proceeding the parties entered into an agreement, November 1, 1950, the eighth paragraph of which, set forth in the footnote,[1] required the payment of $150.00

---

[1] "The husband covenants and agrees that he will, during his lifetime, during such time as they live separate and apart, the wife remaining unmarried, pay to the wife for her separate maintenance and support for her separate use and benefit the sum of

per month for the wife's support. After complying with the agreement for some sixteen years, appellant ceased making the monthly payments. According to the opinion below, appellant has remarried and has placed his assets beyond the reach of judgment creditors. His former wife, who has not remarried, filed a complaint for support under The Pennsylvania Civil Procedural Support Law. The court below made an order enforcing the terms of the agreement, and this appeal followed.

Section 2 of the statute under consideration defines duty of support to include "any duty of support imposed or imposable by law or by any court order, decree or judgment, whether interlocutory or final, whether incidental to a proceeding for divorce, legal separation, separate maintenance, prosecution for failure to support a child born out of lawful wedlock, or otherwise". Appellant contends (1) that the statute does not provide a mechanism for the enforcement of an obligation created by private contract; and (2) that the statute cannot be applied to one who was divorced prior to its enactment. Since we are in accord with the first contention, consideration of the second contention is not required.

It is of course true, as argued by counsel for the appellee, that liability under a postnuptial agreement is not terminated by a subsequent divorce: *Muhr's Estate,* 59 Pa. Superior Ct. 393; *Cavazza Estate,* 169 Pa. Superior Ct. 246, 82 A. 2d 331; *Miller v. Miller,* 284 Pa. 414, 131 A. 236. However, the obligation created by such an agreement is contractual in nature, and the remedy to enforce that obligation is an action in as-

$150.00 per month, beginning the first day of November, 1950, and monthly thereafter, which payments shall terminate on the death of the husband, the living together of the parties or the remarriage of the wife during the lifetime of her husband",

sumpsit: *Commonwealth ex rel. Bonicker v. Bonicker,* 205 Pa. Superior Ct. 191, 208 A. 2d 14. There is no duty of support owed to a divorced wife by her former husband: *Commonwealth ex rel. Bortin v. Bortin,* 210 Pa. Superior Ct. 355, 234 A. 2d 55.

The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature: Statutory Construction Act of May 28, 1937, P. L. 1019, Section 51, 46 P.S. 551. Cf. *Levin Liquor License Case,* 196 Pa. Superior Ct. 328, 175 A. 2d 336. It is important to consider the title of the Act: *Commonwealth v. Derstine,* 418 Pa. 186, 210 A. 2d 266. The title of the Pennsylvania Civil Procedural Support Law[2] indicates that the purpose of the legislature was to establish a procedure for the enforcement of existing support rights, and that the statute was not intended to create new rights of support. It applies to duties "imposed or imposable by law", not obligations created by contract. The statute does not attempt to impose upon a divorced husband the duty of supporting a former wife. The lower court erred in permitting its use as a remedy in the case at bar.

Order reversed.

---

[2] "An Act relating to support of dependents; providing a procedure for enforcement thereof, including attachment of property and earnings; conferring powers and imposing duties upon courts, district attorneys and probation officers".