## Commonwealth ex rel. Egolf v. Egolf

*Robert K. Kistler,* and *Miller, Kistler, Lee & Campbell,* for plaintiff.

*Edward L. Willard,* for defendant.

CAMPBELL, P. J., February 12, 1970.—On November 17, 1967, this court made an order requiring defendant to support his wife and children mentioned therein. On October 1, 1969, wife took appropriate action under the Pennsylvania Civil Procedural Support Law of July 13, 1953, P. L. 431, 62 PS §2043.31, to compel payment of the order. Husband paid the order up to December 1, 1969, and on November 19, 1969, filed a petition for a reduction in the order by reason of changed circumstances. Testimony was taken from which the court makes the following findings of fact:

1. Husband has a net income of approximately $19,000 per year.

2. Three minor children, to wit: Martin Lewis and Michael Jay, twins born August 15, 1952; and Mary Lynn, born August 22, 1955, are dependent and reside with their mother.

3. A child, Robert Brian, born May 10, 1951, is a dependent and is receiving hospitalization in the Hollidaysburg State Hospital.

4. A child, Thomas Alan, born August 14, 1949, is attending Penn State University and residing with his mother.

5. The parties hereto executed a post-nuptial agreement on February 10, 1969, which contained, in part, as follows:

"Husband shall pay to wife the sum of One Hundred Sixty Dollars ($160.00) per month, said payments to be made in the same manner as payments for the children, pursuant to the order of court referred to, and said payments to continue until such

time as the Wife shall die or remarry. This provision shall be effective regardless of whether a divorce is granted between the parties hereto or not. . . ."

The parties were divorced by decree dated June 11, 1969.

In addition to support for children, wife has requested this court to enforce payment of the $160 per month provided for in the post-nuptial agreement.

This court recognizes that there is no duty of support owed to a former wife by her divorced husband: Commonwealth ex rel. Bortin v. Bortin, 210 Pa. Superior Ct. 355 (1967).

It is equally true that the parties can contract otherwise and that liability under a post-nuptial agreement is not terminated by a subsequent divorce: Miller v. Miller, 284 Pa. 414 (1925).

However, the obligation created by a post-nuptial agreement is contractual in nature and the remedy to enforce that obligation is an action in assumpsit: Commonwealth ex rel. Bonicker v. Bonicker, 205 Pa. Superior Ct. 191 (1965).

The Pennsylvania Civil Procedural Support Law applies to "duty . . . imposed or imposable by law," not obligations created by contract, and therefore any such post-nuptial agreement cannot be enforced under the provisions of the Civil Procedural Support Law: Commonwealth ex rel. Jones v. Jones, 216 Pa. Superior Ct. 1 (1969).

With respect to the obligations undertaken by husband to pay wife under the post-nuptial agreement dated February 10, 1969, credit should be given husband for payments up to December 1, 1969, and wife may enforce the provisions of said agreement by an action in assumpsit.

With respect to the children of the parties, we will this day promulgate a separate order with respect thereto.