421 A.2d 1080

COMMONWEALTH of Pennsylvania ex rel. Bona Lynn WERLINE

v.

Wayne E. WERLINE.

Appeal of Bona Lynn WERLINE.

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Sept. 23, 1980.

Richard R. Fink, Levittown, for appellant.

Daniel J. Lawler, Feasterville, for Commonwealth, appellee.

Before BROSKY, WICKERSHAM and EAGEN, JJ.*

PER CURIAM:

This is an appeal from an order granting appellee's petition to terminate an order of support.

On August 22, 1973, appellant, Bona Lynn Werline, and appellee, Wayne C. Werline, submitted an agreement to the Court of Common Pleas of Bucks County for appellant's support. An order of support was then entered. Both the agreement and the order were contained on the same Domestic Relations Department form. The following provision immediately followed the body of the agreement and overlapped the heading of the order:

> "Order shall not terminate upon divorce of the parties and the obligation to make payment however shall continue until such time as prosecutrix remarries or her disability terminates and she is able to be gainfully employed."

In October of 1973, a decree of divorce was entered. In October of 1978, appellee fled a petition to terminate the support order, arguing that the court was not empowered to

* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania is sitting by designation.

enforce the order after the parties' divorce. Appellant defended by asserting that the support order continued to be enforceable due to the inclusion of the clause providing that the order would not terminate upon divorce, but would continue until appellant remarried or regained employability after the termination of her disability.

On February 27, 1979, appellee's petition was granted, and we now affirm that order.

While it is unclear whether the provision in question was made a part of the order of the court, it is, in any event, unenforceable under the Civil Procedural Support Law (Support Law).[1] Both the present proceeding and the proceeding in which the order for support was granted were brought under the Support Law. It has been consistently determined that the purpose of the Support Law was to establish procedure for enforcement of existing support rights and was not intended to create new rights of support. *Commonwealth ex rel. Krouse v. Krouse*, 221 Pa.Super. 13, 289 A.2d 233 (1972); *Commonwealth ex rel. Jones v. Jones*, 216 Pa.Super. 1, 260 A.2d 809 (1969). The substantive right of a spouse to support exists by virtue of both the common law[2] and statute.[3] However, this substantive right to support terminates upon divorce. *Commonwealth ex rel. Smith v. Smith*, supra; *Commonwealth ex rel. Jones v. Jones*, supra; *Commonwealth ex rel. McVay v. McVay*, 177 Pa.Super. 623, 112 A.2d 649 (1955), affirmed 383 Pa. 70, 118 A.2d 144, certiorari denied, 350 U.S. 995, 76 S.Ct. 544, 100 L.Ed. 860 (1956). In Pennsylvania, an obligation to support a former spouse is only created by contract, and such a con-

1. Act of July 13, 1953, P.L. 431, No. 95, *as amended*, 62 P.S. §§ 2043.31 et seq.; repealed by the Act of April 28, 1978, P.L. 202, No. 53, § 2(a), replaced by 42 Pa.C.S.A. §§ 6701, *et seq.* The present Act was derived from and retained the spirit of the original Act.

2. See, e. g., *Commonwealth ex rel. Smith v. Smith,* 260 Pa.Super. 203, 393 A.2d 1224 (1978); *Commonwealth ex rel. Roviello v. Roviello,* 229 Pa.Super. 428, 323 A.2d 766 (1974).

3. Act of June 24, 1939, P.L. 872, § 733, *as amended,* 18 P.S. § 4733, repealed and replaced by Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 4322.

tractual right has been found unenforceable in an action under the Support Law. See *Commonwealth ex rel. Jones v. Jones,* supra.[4]

■ Thus, in a proceeding under the Support Law, a court could not lawfully order that the payment of support to a spouse continue after a valid divorce has been entered, nor could such a provision be enforced under that law. See *Commonwealth ex rel. Jones v. Jones,* supra. See also *Commonwealth ex rel. Roviello v. Roviello,* supra.

Order affirmed.

---

**4.** This is consonant with this state's policy, under the Revised Uniform Reciprocal Enforcement of Support Act (1968), not to recognize a foreign court order so far as it pertains to alimony for a spouse. See *Commonwealth ex rel. Platt v. Platt,* 227 Pa.Super. 423, 425, 323 A.2d 29, 30 (1974). The proper remedy in such a case, and in the instant case, is an action in assumpsit, see *Gillan v. Gillan,* 236 Pa.Super. 147, 345 A.2d 742 (1975); *Commonwealth ex rel. Platt v. Platt,* supra; or for specific performance in equity, see *Sarsfield v. Sarsfield,* 251 Pa.Super. 516, 380 A.2d 899 (1977); *Silvestri v. Slatowski,* 423 Pa. 498, 224 A.2d 212 (1966).