## Commonwealth ex rel. Bortin, Appellant, *v.* Bortin, Appellant.

Argued June 12, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

**356**

*Leonard Sarner*, with him *Burton K. Stein*, and *Sarner, Cooper & Stein*, for plaintiff.

*Lawrence J. Richette*, with him *Paul A. Levy*, and *Frater, Green & Levy*, for defendant.

OPINION BY WRIGHT, J., September 14, 1967:

We are here concerned with two appeals from an order of the County Court of Philadelphia in a proceeding for support instituted by Marika E. Bortin against George Bortin. The opinion of the hearing judge covers seventy-three printed pages. She concluded (1) that a decree of divorce obtained by Marika in Nevada was not entitled to full faith and credit in Pennsylvania; (2) that Marika was nevertheless estopped from asserting any right to support; and (3) that there was no common-law remarriage between the parties. Marika has appealed at No. 375 October Term 1967 concurring in the conclusion below that the Nevada decree did not dissolve the marriage, but contending that she was not estopped from asserting her right to support. She has raised no question regarding the conclusion below that there was no common-law remarriage. George has appealed at No. 387 October Term 1967 contending that the Nevada decree should have been accorded full faith and credit in this Commonwealth.

The hearing judge conducted seventeen hearings over a protracted period. The voluminous original record, of which we have made a painstaking review, contains sixteen hundred pages of testimony and sixty exhibits. Marika and George, respectively thirty-three and forty-three years of age, were married on August 14, 1959 in the City of Philadelphia, where both resided. It was the third marriage for Marika and the second for George. Marital difficulties began several months later, and it was decided that Marika should obtain a Nevada divorce. The parties entered into an oral agreement, eventually reduced to writing, which provided, inter alia, that George should pay Marika $15,000.00 at the time of final decree. Marika arrived in Reno on May 3, 1960. She instituted a divorce action in the Second Judicial District Court of Washoe County, in which action both Marika and George were represented by counsel. On September 7, 1960, a decree of divorce was entered. The record discloses that Marika appeared at the hearing, and that all material issues were raised and adjudicated.[1] After the divorce

---

[1] "THIS CAUSE came on regularly this day for trial before the above Court, the plaintiff appearing personally and by her attorneys, McLaughlin & Barrett, and the defendant appearing by his attorneys, Hawkins, Rhodes & Hawkins, and it appearing that the defendant has filed herein a general appearance in the form of an answer, raising issues thereby as to the residence and domicile of the plaintiff and the existence of grounds for divorce in favor of the plaintiff, and evidence having been presented in support of the allegations of the complaint, and all of said evidence having been duly considered by the Court, and this cause being thereupon by both parties submitted to this Court for decision;

"This Court does hereby find as Facts that the plaintiff for a period of more than six weeks before this suit was brought and action commenced, had, with the bona fide intent to make Nevada her home for an indefinite period of time, resided and been physically present and domiciled in the State of Nevada, and now so resides and is so domiciled therein;

"That all of the remaining allegations of the plaintiff's complaint are true.

Marika moved to the City of New York, where she presently resides.

A valid divorce decree terminates the duty of a husband to support his wife: *Commonwealth v. Petrosky,* 168 Pa. Superior Ct. 232, 77 A. 2d 647. Article IV, Section 1, of the Constitution of the United States provides: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State". In *Johnson v. Muelberger,* 340 U.S. 581, 95 L. Ed. 552, 71 S. Ct. 474, Mr. Justice REED said: "The faith and credit given is not to be niggardly but generous and full". The most recent pronouncement of our own Supreme Court on the subject appears in *March Estate,* 426 Pa. 364, 231 A. 2d 168. Mr. Chief Justice BELL therein reviewed the applicable decisions, both federal and state, and emphasized the burden of proof which is necessary to overcome the presumption of validity which attaches to a foreign divorce decree. In the *March* case the husband had obtained a divorce in Nevada. The wife was served both by mail and publication, but did not enter an appearance and was not represented by counsel. The holding of the court below that it was not required to honor the Nevada decree was reversed. The opinion contains the following pertinent statement: "Greatly as we desire to protect the citizens of Pennsylvania from foreign divorces, we cannot evade or circumvent

"From said Findings of Fact this Court concludes as a matter of law that it has jurisdiction over the subject matter herein and the parties hereto; and that the plaintiff is entitled to an absolute and final decree of divorce from the defendant upon the ground of extreme cruelty, mental in nature.

"IT IS THEREFORE HEREBY ORDERED, ADJUDGED AND DECREED that the plaintiff be, and she hereby is, granted a decree of divorce, final and absolute in form and effect, from the bonds of matrimony now and heretofore existing between the plaintiff and the defendant and restoring said parties to the status of unmarried persons".

the Constitution of the United States or alter the fact that appellee has failed to meet her burden of proof".

In the case at bar it is our view that the hearing judge was unduly influenced by her finding that the negotiations with the Nevada attorney who represented Marika were conducted by George's Philadelphia attorney, and that Marika "had no independent counsel". The record clearly reveals that Marika knew the score. She was under no compulsion to go to Nevada, and the divorce she obtained there was not the result of any fraud on George's part. Marika was a mature and experienced woman who had a child by, and obtained a divorce from, her first husband (Laurence). Prior thereto she entered into an agreement concerning property rights and custody of the child. She then married and obtained a divorce from her second husband (Hudson). We are not impressed by her testimony that the divorce from her third husband (Bortin) "was simply to satisfy and please his father . . . that he and I would always remain married". On the other hand, George's testimony seems credible throughout. Subsequent to the third divorce Marika held herself out as a single woman and referred to George as a former husband.

Moreover, as previously indicated, Marika herself instituted the divorce action here involved. She appeared both in person and by counsel. The Nevada court concluded as a matter of law that it had jurisdiction over the subject matter and the parties. Cf. *Harrison v. Harrison*, 183 Pa. Superior Ct. 562, 133 A. 2d 870; *Commonwealth v. Case*, 200 Pa. Superior Ct. 200, 189 A. 2d 756. We are of the opinion that the instant case is subject to the rule announced in Restatement, Conflict of Laws, Section 112, which reads as follows (italics supplied) : "The validity of a divorce decree cannot be questioned in a proceeding concerning any right or other interest arising out of the marital relation, either *by a spouse who has obtained such*

*decree of divorce* from a court which had no jurisdiction, or by a spouse who takes advantage of such decree by remarrying". This section has been cited with approval by both our appellate courts. See *Romanski Estate*, 354 Pa. 261, 47 A. 2d 233; *Commonwealth ex rel. Wenz v. Wenz*, 195 Pa. Superior Ct. 593, 171 A. 2d 529.

In summary, we have concluded (a) that Marika failed to meet the burden of proof necessary to overcome the presumption of validity which attached to the Nevada decree under the full faith and credit clause, and (b) that she should not have been permitted to question the validity of the divorce decree which she herself obtained. The hearing judge was therefore correct in ultimately dismissing the petition for support. However, her conclusion that the decree was not entitled to full faith and credit in Pennsylvania must be, and hereby is, vacated.

The appeal at No. 375 October Term 1967 is dismissed. The appeal at No. 387 October Term 1967 is sustained. The order of the court below, as herein modified, is affirmed.