**Michael DYNDUL, Appellant,**

v.

**Irena DYNDUL.**

No. 79–2797.

United States Court of Appeals, Third Circuit.

Argued April 22, 1980.

Decided May 5, 1980.

O. S. Lad Mingus (argued), Christiansted, St. Croix, V. I., for appellee.

Michael Dyndul, pro se.

Before ADAMS, MARIS and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

This appeal presents the question whether, under Virgin Islands law, a party to a proceeding seeking to partition jointly owned real property may relitigate the validity of his marriage to the other owner of the property when that issue was explicitly adjudicated in a prior divorce proceeding, a portion of which was vacated and remanded by this Court. Secondary questions concern whether the Territorial Court of the Virgin Islands erred in the legal standards applied in partitioning the property and in awarding attorneys' fees to Mrs. Dyndul as the prevailing party in the partition proceeding.

The district court, acting as an appellate tribunal from the territorial court, affirmed the territorial court's order granting a motion to strike the portion of Mr. Dyndul's amended complaint that placed in issue the validity of the marriage, and also affirmed the judgment partitioning the property and awarding attorneys' fees. We in turn affirm.

In 1975, Irena Dyndul filed a complaint seeking a divorce from Michael Dyndul. In his answer to Mrs. Dyndul's complaint for divorce, Mr. Dyndul alleged that the marriage was void because he was legally married to another woman who was alive and known to Mrs. Dyndul at that time. It is clear from the record that this issue was litigated—indeed it seemed to have consumed the major portion of the time at trial [1]—and the trial judge made a specific finding of fact that a valid marriage between Irena and Michael Dyndul had occurred.[2] The district court granted a decree of divorce on October 3, 1975. In the decree, the district court ordered payment of alimony and support, gave Mrs. Dyndul exclusive right to occupy the parties' home in the Virgin Islands, and ordered her to quitclaim all title and interest in the parties' real property in Wisconsin and Florida. Mrs. Dyndul appealed the distribution of property to this Court on the ground that it was inequitable, but no cross-appeal was filed by Mr. Dyndul.

In Mrs. Dyndul's appeal, we did not address the only issue contested by the parties—whether the trial court's division of property was inequitable—because of a more fundamental problem: "lack of statutory authority to distribute real property other than the homestead." *Dyndul v. Dyndul*, 541 F.2d 132, 133 (3d Cir. 1976).

---

1. Over fifty pages of a seventy-seven page trial transcript cover evidence and argument on this issue.

2. After listening to the evidence at trial and examining the foreign documents submitted, the trial judge stated that Mr. Dyndul's "testimony [was] not worthy of belief. And so his challenge to the marriage must fail. So that I find that there was a valid marriage." Tran-

script of Trial at 74. *Dyndul v.Dyndul*, Civ. No. 1975/167 (Sept. 6, 1976). In his written findings of fact, the trial judge, after noting Mr. Dyndul's allegation of no marriage, stated: "The parties were married, one to the other, about November 6, 1943, in Warsaw, Poland. . . ." Findings of Fact and Conclusions of Law, *Dyndul v. Dyndul*, Civ. No. 75–167 (filed Oct. 3, 1975).

There was no challenge to the district court's jurisdiction to grant a divorce, and neither party appealed the divorce itself. We simply vacated paragraph 4 of the decree, which disposed of property outside the court's jurisdiction, and remanded the case so that the district court would be able to adjust any further financial equities to compensate for the portion of the decree—dealing with the two properties outside the Virgin Islands—that was stricken.

On remand to the district court, Mrs. Dyndul moved for modification of the property settlement. The court postponed consideration of the motion to modify until a partition action in the territorial court could be filed by Mr. Dyndul to deal with the homestead property of the parties that was located in the Virgin Islands. In the amended complaint in the partition action, Mr. Dyndul alleged that this Court had vacated the entire divorce decree, and he proceeded to attack anew the validity of the parties' marriage. On Mrs. Dyndul's motion, Mr. Dyndul's allegation regarding the prior divorce was stricken from the complaint as res judicata.[3]

The territorial court then proceeded to partition the jointly owned homestead property, and also awarded Mrs. Dyndul attorneys' fees. After affirmance on all grounds by the district court, Mr. Dyndul brought this appeal.

In challenging his preclusion from relitigating the validity of his marriage, Mr. Dyndul argues three points: (1) The decree of divorce is not res judicata because it was vacated by this Court on appeal. (2) Even if the divorce portion of the decree was not vacated, the order as a whole is not within the rules of res judicata because it is not final—the case having been remanded to the district court. (3) Even if the common law of res judicata would be otherwise applicable, it has been abrogated as to the issue here by statute.

■ Mr. Dyndul's contention that the grant of divorce to Mrs. Dyndul was vacated is not correct because, as previously indicated, Mr. Dyndul did not appeal from the divorce decree. The issue of the validity of the marriage was not before us on the first appeal and, indeed, was in no way contested. There was thus no need specifically to affirm that portion of the district court's order. Because our judgment did not purport to vacate the grant of divorce, that portion of the decree is subject to the rules of res judicata.

The general rule of issue preclusion is that "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Restatement (Second) of Judgments § 68 (Tent. Draft No. 1, 1973).[4]

The issue Mr. Dyndul now seeks to litigate was, as we have indicated, actually litigated previously and its determination was necessary to the judgment.[5] Furthermore, the judgment as to the divorce was clearly within the court's subject matter jurisdiction.[6] The remaining question is whether the judgment was "final" for res judicata purposes.

---

3. Because the partition action is separate from the divorce action, res judicata rather than law of the case provides the legal standard.

4. The rule was the same in the first Restatement of Judgments, which refers to collateral estoppel: "Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action. . . ." Restatement of Judgments § 68(1) (1942). The exceptions are if the party to the judgment could not, by law or as a practical matter, appeal; if the rendering court lacked jurisdiction over the matter and it was only incidentally determined; or if the matter determined involved an interest in property acquired subsequent to the judgment. See id. §§ 69, 71, 72.

5. A court obviously could not grant a divorce to a void marriage.

6. See V.I. Code Ann., tit. 16, §§ 101, 104, 106 (1964).

■ "Finality" for purposes of issue preclusion is a more "pliant" concept than it would be in other contexts.[7] The Restatement of Judgments mandates a pragmatic approach with reference to judicial policy rather than to finality in a technical sense. "[F]inal judgment" '[with respect to issue preclusion]' includes any prior adjudication of an issue in another action between the parties that is determined to be sufficiently firm to be accorded conclusive effect."[8]

■ Mr. Dyndul was fully heard on the issue of the marriage's validity, the district judge ruled against him with a careful explanation of the reasons therefor, and Mr. Dyndul chose not to appeal the order when the opportunity was fully present.[9] Although the divorce proceeding as a whole has not yet been brought to an end, that portion of the order granting a divorce is more than sufficiently firm. Unless the Virgin Islands legislature has abrogated the principles of issue preclusion as to the matter before us, Mr. Dyndul may not attack it in a collateral proceeding.[10]

■ Mr. Dyndul argues that this is precisely what the legislature did in enacting V.I. Code Ann., tit. 16, § 1, which states:

(a) A marriage is prohibited and void from the beginning, without being so decreed and its nullity may be shown in any collateral proceeding, when it is between . . . (3) any persons either of whom has been previously married and whose previous marriage has not been terminated by death or a decree of divorce.

This provision is, as the district court noted, "a strong statement of the public policy against bigamy." Mr. Dyndul would have us read "any collateral proceeding" to mean any number of collateral proceedings regardless of any prior adjudication. Under that interpretation, a party asserting the voidness of a marriage could litigate the matter ad infinitum, even though the party asserting the validity of the marriage would be precluded by the first, if any, determination of voidness. There is no indication that the legislature intended such an oppressive rule with such a consequent waste of judicial resources, and we decline to attribute that intention without stronger evidence of it. A court of competent jurisdiction has held the marriage of Michael and Irena Dyndul to have been valid, and both parties are bound by that determination.

Because both of Mr. Dyndul's additional challenges to the judgment of the trial court in the partition action—that incorrect principles were applied and that the award of attorneys' fees was improper—are premised on the incorrect view that the divorce judgment was not binding, we need not consider them.

The judgment of the district court will be affirmed.

7. Restatement (2d) of Judgments § 41 Comment b, at 3 (Tent. Draft No. 1, 1973).

8. *Id.* § 41. *Cf. Lummus Co. v. Commonwealth Oil Ref. Co.*, 297 F.2d 80, 89 (2d Cir. 1961) ("'Finality' in the context here relevant may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again."), *cert. denied*, 368 U.S. 986, 82 S.Ct. 601, 7 L.Ed.2d 524 (1962).

9. *See* Restatement (2d) of Judgments § 41 Comment g, at 7 (Tent. Draft No. 1, 1973).

10. 1 V.I. Code § 4 (1964) provides:
The rules of the common law, as expressed in the restatements of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary.