## Diamond v. Diamond

*Frank L. Newburger, III,* for plaintiff.
*Robert A. Rovner,* for defendant.

RUFE, *J.,* November 18, 1980—This matter is before the court on appeal for disposition of plaintiff's exceptions to the master's report which denied plaintiff's prayer for annulment of his marriage to defendant.

The facts in this case are not in dispute. Harry J. Diamond (hereinafter "plaintiff") was legally married to Laura M. Berkey on December 9, 1961 in Stratford, New Jersey. Early in 1969, pursuant to an agreement with his wife Laura, plaintiff retained local counsel to investigate the possibility of obtaining a divorce in Alabama. Plaintiff's attorney procured consent documents from an Alabama source, and Laura and plaintiff signed the documents. In July, 1969 plaintiff travelled to Birmingham, Alabama, with the signed consent forms and a certified check for $460 all of which was delivered to an attorney in Birmingham. Plaintiff never appeared in court and within hours of his arrival in Birmingham he was on his way back to Philadelphia. Several weeks later plaintiff and Laura received what purported to be a final decree in divorce dated July 28, 1969 from the Circuit Court of Winston, Alabama, indexed to no. 9586-D.

On September 9, 1972 plaintiff, who believed himself to be divorced, married Doris Jacqueline Grimberg (hereinafter "defendant"). On November 30, 1973 plaintiff commenced this action by filing a complaint in divorce alleging indignities to the person as his grounds for divorce. On September 14, 1979 plaintiff, with leave of court, amended his original complaint to include a second count which alleged that his divorce from Laura Berkey was not valid. He concluded that because of the continuing existence of his marriage to Laura Berkey his marriage to defendant should be declared null and void as bigamous. Thereafter, a master was appointed to hear the case.

At the master's hearing plaintiff introduced no evidence vis-a-vis his count praying for divorce. Accordingly, the master found that plaintiff failed

to meet his burden of proof as to that count and it was dismissed. Plaintiff did provide evidence pertaining to his former marriage and his subsequent "divorce" as described earlier in this opinion. However, the master found that plaintiff was estopped either by unclean hands or laches from attacking the validity of the 1969 Winston County decree in divorce, and plaintiff's plea for annulment of his marriage to defendant was denied.

Plaintiff filed exceptions to the master's report. Specifically, plaintiff challenged the master's conclusion of law no. 1 which held: "The parties contracted a valid marriage which still exists"; no. 5 which held that plaintiff was estopped from attacking the validity of the divorce decree; and no. 6 which held that plaintiff was not entitled to an annulment of his marriage with defendant. This appeal ensued.

Preliminarily, it must be made clear that plaintiff and Laura Berkey were not divorced by the Alabama Court. The final decree of divorce which was received by plaintiff and Laura Berkey purported to be a true and correct copy of the decree that was indexed at no. 9586-D and recorded in the Office of the Register of Winston County, Alabama. However, a subsequent search of the records of the Circuit Court of Winston County by the register disclosed no record of a case where Harry Joseph Diamond was plaintiff in an action indexed at no. 9586-D. The master implicitly acknowledged and we now find that a decree in divorce dissolving the bonds of matrimony between plaintiff and Laura Berkey was never entered in Winston County, Alabama, or anywhere else.

Therefore, the sole issue before the court is whether plaintiff is estopped either by laches or

unclean hands from asserting the continuing existence of his prior marriage in this attempt to have his marriage to defendant declared null and void. The answer is in the negative.

The Pennsylvania legislature in the Act of May 2, 1929, P.L. 1237, 23 P.S. § 12 [see now Divorce Code of April 2, 1980, P.L. 63, secs. 203-205.] has provided:

"In all cases where a supposed or alleged marriage shall have been contracted, which is absolutely void by reason of one of the parties thereto having a spouse living at the time of the supposed or alleged marriage . . . such supposed or alleged marriage, may, upon the application of either party, be declared null and void. . . ."

In construing this statute the Pennsylvania Superior Court has written: "Our statute is clear: Either party can apply for the annulment of a void marriage; the application is not restricted to an innocent and injured spouse. . . . Under our statute, neither estoppel, unclean hands, laches or ratification can make valid a defective marriage. . . ." DeMedio v. DeMedio, 215 Pa. Superior Ct. 255, 260, 257 A. 2d 290, 293 (1969).

Clearly, the master erred in ruling that plaintiff was estopped from challenging the validity of the Alabama divorce decree. The Alabama divorce decree, as noted before, was a nullity. Plaintiff remained married to Laura M. Berkey, and his marriage to defendant was bigamous and not valid. Therefore, under DeMedio plaintiff was not estopped from asserting those facts which entitle him to an annulment of his marriage to defendant. Accordingly, the master's recommendation denying

plaintiff's prayer for annulment and dismissing his complaint should be reversed.

## ORDER

And now, November 18, 1980, for the reasons enunciated in the foregoing opinion, the master's conclusions of law which held that plaintiff's marriage to defendant was valid, that plaintiff was estopped from attacking the validity of the Alabama divorce decree, and that plaintiff was not entitled to an annulment of his marriage to defendant are hereby reversed and vacated. We hereby order and decree that plaintiff's exceptions to the master's report are granted and plaintiff's supposed marriage to defendant is declared null and void.

## CONCURRING OPINION

KELTON, *J.*, I agree entirely with the opinion and result reached in the instant annulment case. In my opinion, however, if the issue between the parties had been plaintiff's liability to support defendant, husband-plaintiff may possibly be estopped from denying the validity of his conduct in seeking the Alabama divorce. Compare Com. v. Case, 29 D. & C. 2d 405, 12 Bucks 565, 567 (1962), aff'd 200 Pa. Superior Ct. 200, 189 A. 2d 756 (1963), a support case where the fraudulent Alabama decree was actually entered by that court.