**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1306
_____

THE TRUSTEES OF THE GENERAL ASSEMBLY OF THE CHURCH OF THE
LORD JESUS CHRIST OF THE APOSTOLIC FAITH, INC.; CHURCH OF THE
LORD JESUS CHRIST OF THE APOSTOLIC FAITH

v.

ANTHONEE PATTERSON; ROCHELLE BILAL, in her
official capacity as Sheriff of Philadelphia County

ANTHONEE PATTERSON,
Third Party Plaintiff
v.

LUTHER WEAVER Esq., individually, in his role as attorney; FOX ROTHSCHILD
LLP; L.E. WEAVER & ASSOCIATES, P.C.; JOHN/JANE DOES 1-30; MICHAEL
TWERSKY ESQ., individually and in his role as attorney for The Trustees of the General
Assembly; STRADLEY RONON STEVEN & YOUNG; DANIELLE BANKS ESQ.,
individually and in her role as attorney for Kenneth Shelton, individually and as General
Overseer and President of the board of Trustees, Stradley Ronon Steven & Young;
ROBERT A. BURKE; ANTHONY LAMB, individually and in his role as Trustee of the
Church of the Lord Jesus Christ of the Apostolic Faith; JOHN CARLTON THOMAS,
individually and in his role as Trustee of the Church of the Lord Jesus Christ of the
Apostolic Faith; JAMES BROWN, individually and in his role as Trustee of the Church
of the Lord Jesus Christ of the Apostolic Faith; LEON BLIGEN, individually and in his
role as Trustee of the Church of the Lord Jesus Christ of the Apostolic Faith; JOHNNY
BROWN ESQ., individually, in his role as attorney, and in his role as Trustee of the
Church of the Lord Jesus Christ of the Apostolic Faith,
Third Party Defendants

Anthonee Patterson,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:21-cv-00634)
District Judge: Honorable Karen S. Marston

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 10, 2025

Before: KRAUSE, PHIPPS, and ROTH, <u>Circuit Judges</u>

(Opinion filed: June 6, 2025)

_____

OPINION*

_____

PER CURIAM

The Church of the Lord Jesus Christ of the Apostolic Faith (the "Church") is a

religious society located in Philadelphia. The Trustees of the General Assembly of the

Church of the Lord Jesus Christ of the Apostolic Faith (the "Corporation") hold in trust

and manage real and personal property for the Church's use. In 1991, a succession

dispute arose within the Church between Kenneth Shelton ("Shelton") and Roddy Nelson

Shelton, both of whom claimed that they were the new General Overseer. Some

congregants followed Roddy Nelson and the appellant, Anthonée Patterson, to a new

church located in Darby, Pennsylvania, while other congregants remained with Shelton in

Philadelphia.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

2

In 1995, Patterson attempted to take control of the Church by suing Shelton in the Court of Common Pleas of Philadelphia County for violations of Pennsylvania's Nonprofit Corporations Law (the "Patterson Action"). Patterson and Shelton eventually agreed to resolve the dispute via arbitration. In 2006, an arbitrator found that Shelton had diverted Church funds and ordered all Church property held by the Corporation to be transferred to Patterson's control. The parties continued to litigate issues surrounding the succession dispute for another decade. Ultimately, in 2017, a state court held that the order confirming the arbitration award and the arbitration award itself represented the last valid judgments in the Patterson Action. Patterson then obtained a writ of possession, and the Philadelphia Sheriff's Office posted an eviction notice on the Church's headquarters.

In response, the Church and Corporation initiated this action in the District Court. They asserted that because they were not parties to the Patterson Action, execution of the writ of possession against them would violate their rights under the First, Fifth, and Fourteenth Amendments, as the Church would be forced to accept Patterson's leadership and control. They requested a preliminary injunction preventing Patterson from executing on the arbitration judgment, as well as a declaratory judgment that enforcement of the arbitration judgment against them would be unconstitutional.

Following a hearing, the District Court issued a preliminary injunction precluding Patterson from attempting to take control of the Church or Corporation. In issuing the injunction, the District Court concluded that (1) the Church and Corporation had

demonstrated a likelihood of succeeding on their claim that the arbitration award could not be enforced against them because they were not parties to the Patterson action; (2) the Church and Corporation would be irreparably injured by the denial of injunctive relief because Patterson intended to take control of the Church; (3) Patterson would not suffer greater harm than they would if an injunction were granted, as an injunction would merely preserve the status quo; and (4) an injunction would be in the public's interest insofar as the public has an interest in ensuring that judgments are enforced only against those who are parties or privies to prior actions; the public has an interest in allowing individuals to have their day in court; and the public has an interest in ensuring that religious groups can choose who will preach their beliefs, teach their faith, and carry out their mission.

Patterson appealed, arguing that the District Court lacked subject-matter jurisdiction under the Rooker-Feldman doctrine and that collateral estoppel barred the Church and Corporation from relitigating issues decided by the state courts. We rejected both arguments and affirmed. Trustees of Gen. Assembly of Church of Lord Jesus Christ of Apostolic Faith, Inc. v. Patterson, No. 21-1662, 2021 WL 6101254, at *5 (3d Cir. Dec. 21, 2021).

Patterson then filed numerous motions in the District Court challenging the preliminary injunction, all of which were denied. He also filed an answer asserting several counterclaims, including, as relevant here, a counterclaim requesting a declaratory judgment that the arbitration award was immediately enforceable against the

4

Church and Corporation. When Patterson demanded a jury trial on that claim, the District Court denied the request because it was both untimely and sought only equitable relief.

Meanwhile, the Church and Corporation moved the District Court to convert the preliminary injunction against Patterson into a permanent injunction. The District Court, emphasizing that Patterson had not presented any new evidence since the preliminary-injunction proceedings, gave preclusive effect to its findings in those proceedings and granted the motion. The District Court also issued a declaratory judgment that enforcement of the arbitration award against the Church and Corporation was unconstitutional and denied Patterson's counterclaim for declaratory judgment. The District Court denied Patterson's appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's order granting the Appellees' motion for a permanent injunction and its rulings on the parties' opposing requests for declaratory judgment for an abuse of discretion. See NAACP v. N. Hudson Reg'l Fire & Rescue, 665 F.3d 464, 475 (3d Cir. 2011); Kelly v. Maxum Specialty Ins. Grp., 868 F.3d 274, 281 (3d Cir. 2017). We exercise plenary review over the District Court's application of issue preclusion. Jean Alexander Cosms., Inc. v. L'Oreal USA, Inc., 458 F.3d 244, 248 (3d Cir. 2006).

"In deciding whether to grant a permanent injunction, the district court must consider whether: (1) the moving party has shown actual success on the merits; (2) the moving party will be irreparably injured by the denial of injunctive relief; (3) the granting

of the permanent injunction will result in even greater harm to the defendant; and (4) the injunction would be in the public interest." Shields v. Zuccarini, 254 F.3d 476, 482 (3d Cir. 2001).

Findings made during a preliminary-injunction proceeding can have preclusive effect in litigation on the merits in the same proceeding "if the circumstances make it likely that the findings are 'sufficiently firm' to persuade the court that there is no compelling reason for permitting them to be litigated again." Hawksbill Sea Turtle v. Fed. Emergency Mgmt. Agency, 126 F.3d 461, 474 n.11 (3d Cir. 1997) (quoting Dyndul v. Dyndul, 620 F.2d 409, 411–12 (3d Cir. 1980)). "Whether the resolution in the first proceeding is sufficiently firm to merit preclusive effect turns on a variety of factors, including 'whether the parties were fully heard, whether the court filed a reasoned opinion, and whether that decision could have been, or actually was appealed.'" Id. (quoting In re Brown, 951 F.2d 564, 569 (3d Cir. 1991).

We see no error here. As the District Court explained, its findings in the first proceeding were sufficiently firm to merit preclusive effect. The District Court held a three-day-long hearing on the motion for a preliminary injunction and heard extensive testimony from multiple witnesses—including Patterson himself. After the parties were heard, they submitted findings of fact and conclusions of law. The District Court then issued an exhaustive eighty-five-page opinion concluding that the arbitration award could not be enforced against the Church and Corporation because they were not parties to the Patterson Action nor in privity with Shelton. And, finally, we saw no error in the District

Court's findings on appeal. In light of these considerations, the District Court was permitted to give the findings preclusive effect. See Hawksbill Sea Turtle, 126 F.3d at 474 n.11.

With these findings, the District Court acted within its discretion in converting the preliminary injunction into a permanent injunction. In doing so, the District Court emphasized that Patterson had not presented any new evidence that would call its previous findings into question. The District Court then properly determined that the Church and Corporation had succeeded on the merits by showing that the arbitration award could not be enforced against them. The District Court also reasonably determined that the balance of the equities favored them. See Shields, 254 F.3d at 482.

Patterson now argues, as he did in his prior appeal, that the District Court lacked jurisdiction over this case under the Rooker-Feldman doctrine, which prohibits a district court from exercising subject matter jurisdiction when a state-court loser essentially seeks federal-court review of the state-court judgment, see Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010). We previously rejected this argument, explaining that since the Church and Corporation were not parties to the Patterson Action, they could not be considered losers in that action. While Patterson contends that he presented new evidence in the District Court demonstrating that the Church and Corporation were, in fact, parties to the Patterson Action, he does not identify any evidence that sufficiently supports his position. We have considered Patterson's

7

remaining arguments on the Rooker-Feldman question and conclude that they are meritless.

We also previously rejected Patterson's contention that collateral estoppel bars the Church and Corporation from relitigating issues decided by the state courts. Collateral estoppel prevents parties from litigating the same issue again when a "court of competent jurisdiction has already adjudicated the issue on its merits." Witkowski v. Welch, 173 F.3d 192, 198 (3d Cir. 1999). As we explained, that doctrine does not bar this suit because the Church and Corporation were neither parties to the Patterson Action nor in privity with Shelton.

Patterson next contends that the District Court erred by entering the permanent injunction and denying his request for a declaratory judgment without affording him "the trial to which he was entitled." Br. 40, ECF No. 22. As explained above, however, the District Court was permitted to give its rulings from the preceding hearing preclusive effect without holding a second hearing. In any event, there is no right to trial by jury when a party seeks equitable relief in a declaratory judgment action. See AstenJohnson, Inc. v. Columbia Cas. Co., 562 F.3d 213, 223–24 (3d Cir. 2009).

We have considered Patterson's remaining challenges to the District Court's subject-matter jurisdiction in this case and conclude that they are meritless. These arguments, like his others, fail because the Church and Corporation were not parties to the Patterson Action. Patterson's motion to certify questions to the Pennsylvania Supreme Court is denied.